**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LORENZO MORENO,

    Plaintiff,

    v.

PEACE OFFICERS et al.,

    Defendants.

3:14-cv-533-RCJ-VPC

**ORDER**

Plaintiff, who is a prisoner in the custody of Lake's Crossing Center[1], has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 7). The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by

---

[1] Lake's Crossing Center is a state-run mental health facility under the administration of the Nevada Department of Health and Human Services Division of Public and Behavioral Health. *See* Organizational Chart at http://health.nv.gov/PDFs/Organization%20Charts/2014/DPBHOverviewAdministration.pdf.

a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there

1 are well-pleaded factual allegations, a court should assume their veracity and then determine
2 whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a
3 complaint states a plausible claim for relief . . . [is] a context-specific task that requires the
4 reviewing court to draw on its judicial experience and common sense." *Id*.

5       Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*
6 *sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes
7 claims based on legal conclusions that are untenable (e.g., claims against defendants who are
8 immune from suit or claims of infringement of a legal interest which clearly does not exist), as
9 well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).
10 *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d
11 795, 798 (9th Cir. 1991).

12 **II.    SCREENING OF COMPLAINT**

13       In the complaint, Plaintiff sues multiple defendants for events that took place while
14 Plaintiff was incarcerated at Lake's Crossing Center. (ECF No. 1-1 at 1). Plaintiff sues
15 Defendants Christopher Welsh, Peace Officers, Officials, Nurses, and Correctional Officer
16 Technology. (*Id.* at 2-3). Plaintiff alleges two counts and seeks monetary damages. (*Id.* at
17 5).

18       The complaint alleges the following: Plaintiff's constitutional rights have been violated
19 and continue to be violated by peace officers, nurses, and Technology. (*Id.* at 3). Plaintiff has
20 been and is "suffering [from] serious physical injuries." (*Id.*). Plaintiff is "messed up" in the
21 head and cannot read, write, or spell. (*Id.*). Plaintiff is not the same and "Tom" is lying and
22 making false information in the paper work. (*Id.*). Peace officers have been violating Plaintiff's
23 constitutional rights for seven months. (*Id.* at 4). Plaintiff was physically assaulted one time
24 by peace officers and now Plaintiff is suffering from serious physical injuries. (*Id.*). Plaintiff
25 cannot take such pain to his head and body. (*Id.* at 5). Plaintiff cannot concentrate because
26 of Technology. (*Id.*).

27       The Court finds that Plaintiff may be attempting to allege an Eighth Amendment
28 excessive force claim based on a possible assault by Technology. However, the Court finds

that Plaintiff fails to state a claim at this time because the complaint is unclear as to who assaulted Plaintiff, how Plaintiff was assaulted, and what injuries Plaintiff suffered as a result of the assault. The Court grants Plaintiff leave to amend this claim.

Upon amendment, Plaintiff should take note of the following law: When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it may also be proper to consider factors such as the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, the Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force. *Id*. at 9-10.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Upon amendment, the Court directs Plaintiff to follow the

directions in the form complaint and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what each specific defendant (by name) did to violate your rights."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint, the Court will dismiss this action without prejudice.

### III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 7) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint is dismissed in its entirety, without prejudice, with leave to amend for failure to state a claim.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

///
///
///
///
///
///

IT IS FURTHER ORDERED that if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice.

Dated: This 19th day of February, 2015.

_____
United States District Judge